NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY L. NIBLACK, | CIVIL ACTION NO. 17-1977 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| NEW JERSEY STATE PAROLE BOARD; JAMES T. PLOUSIS; and ROBIN J. STACY, | |
| Defendants. | |

**LINARES, District Judge**

## BACKGROUND

The plaintiff, who is a frequent litigant in the United States District Court for the District of New Jersey, is a *pro se* state prisoner. (See, e.g., dkt. 7 at 1 (the plaintiff listing eight of his cases that are currently active).)[1]

On July 27, 2016, the plaintiff was denied parole by the defendant New Jersey State Parole Board (hereinafter, "the NJSPB") because, among other things: his prior offense record was extensive and repetitive; his criminal behavior had not been deterred by his previous opportunities on probation and parole; his criminal behavior had not been

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

deterred by his previous incarcerations; he displayed a lack of insight into his criminal behavior; and he minimized his criminal conduct. (See dkt. 5 at 5–9.)

The plaintiff then brought this action pursuant to 42 U.S.C. § 1983 (hereinafter, "Section 1983") and the New Jersey Civil Rights Act (hereinafter, "the NJCRA"). He alleges that his parole was wrongfully denied in violation of his rights under the federal constitution and the New Jersey constitution by the following defendants:

(1) the NJSPB;

(2) James T. Plousis, who is the Chairman of the NJSPB; and

(3) Robin J. Stacy, who is the Director of the NJSPB's Legal Unit.

(See dkt. 1 at 5–9.)

The defendants now move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(6) to dismiss the complaint. (See dkt. 4 through dkt. 4-3; dkt. 5; dkt. 5-1.) The plaintiff has opposed the defendants' motion. (See dkt. 6 through dkt. 6-5.)

The Court resolves the defendants' motion to dismiss upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). The Court presumes that the parties are familiar with the factual context and the procedural history of the action. For the following reasons, the Court grants the defendants' motion.

## DISCUSSION

**I.   Standards**

The Court is guided by the following standards in resolving the defendants' motion to dismiss.

A.  **Rule 12(b)(6)**

It is not necessary for the Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(6), because that standard has been already enunciated. See Palakovic v. Wetzel, No. 16-2726, 2017 WL 1360772, at *5 (3d Cir. Apr. 14, 2017) (precedential opinion setting forth the standard, and explaining Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining Iqbal and Twombly).

B.  **Liberal Construction Of *Pro Se* Pleadings**

The Court, in addressing the defendants' motion to dismiss: (1) construed the *pro se* plaintiff's claims liberally; and (2) accepted all of the plaintiff's factual allegations as true, construed the claims in the light most favorable to the plaintiff, and considered whether the plaintiff may be entitled to relief in federal court under any reasonable reading of those claims. See Kissell v. Dep't of Corrs., 634 Fed.Appx. 876, 878–79 (3d Cir. 2015) (citing Iqbal, Twombly, Erickson v. Pardus, 551 U.S. 89 (2007), and Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008)).

C.  **Section 1983 and the NJCRA**

"Section 1983 creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." Manuel v. City of Joliet, Ill., 137 S.Ct. 911, 916 (2017) (citations and internal quotation marks omitted).

The NJCRA does the same for the federal constitution, as well as for the New Jersey constitution. See N.J.S.A. 10:6-2(c) (stating that "[a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief"). As a result, "[t]he NJCRA is interpreted as analogous to § 1983," Szemple v. Correctional Med. Servs., Inc., 493 Fed.Appx. 238, 241 (3d Cir. 2012), and a court "will analyze . . . NJCRA claims through the lens of § 1983." Trafton v. City of Woodbury, 799 F.Supp.2d 417, 444 (D.N.J. 2011); see Estate of Martin v. U.S. Marshals Serv. Agents, 649 Fed.Appx. 239, 245 n.4 (3d Cir. 2016) (holding that "it appears undisputed that Plaintiffs' claims under the New Jersey Constitution and the New Jersey Civil Rights Act trigger the same legal elements and principles as . . . [the] federal causes of action [under Section 1983]"). Thus, the Court's analysis of the plaintiff's Section 1983 claims also applies to the plaintiff's NJCRA claims in this case.

## II. Immunity

The Court will address the issue of immunity insofar as it pertains to the NJSPB, to Plousis in his official capacity, and to Stacy in her official capacity in the first instance,

4

and before addressing other issues. The issue of immunity is relevant to the Court's jurisdiction. See United States v. Gov't of V.I., 363 F.3d 276, 280 (3d Cir. 2004).

Section 1983 and the NJCRA both enable a plaintiff to bring a civil action only against a "person" who causes a deprivation of federal and state constitutional rights under the color of state law. However, "it has been squarely held in [the Third] Circuit" that the NJSPB and NJSPB officials acting in their official capacities are not subject to liability under Section 1983 or the NJCRA, because they are not deemed to be persons within the language of Section 1983 or the NJCRA. Madden v. N.J. State Parole Bd., 438 F.2d 1189, 1190 (3d Cir. 1971); see Thrower v. N.J. State Parole Bd., 438 Fed.Appx. 71, 72 (3d Cir. 2011) (holding the same concerning the NJSPB); see also Hanani v. N.J. Dep't of Envtl. Prot., 205 Fed.Appx. 71, 79 (3d Cir. 2006) (holding the same concerning New Jersey state agencies in general). The Eleventh Amendment also bars a plaintiff from bringing claims under Section 1983 and the NJCRA against state agencies and state officials, because those kinds of claims are, in effect, brought against the State of New Jersey itself. See Hanani, 205 Fed.Appx. at 79. The State of New Jersey has not consented to subject the NJSPB and NJSPB officials to liability for claims brought under Section 1983 or the NJCRA, and the immunity afforded to New Jersey state agencies and officials against Section 1983 claims and NJCRA claims has not been abrogated.

Therefore, the Court grants the part of the motion that seeks to dismiss the Section 1983 claims and the NJCRA claims that are asserted against the NJSPB, against Plousis in his official capacity, and against Stacy in her official capacity. The plaintiff's claims

that are asserted against Plousis in his individual capacity and against Stacy in her individual capacity remain, and they will be addressed infra.

### III. Individual Capacity Claims

Success on the plaintiff's claims against Plousis in his individual capacity, and against Stacy in her individual capacity, would necessarily invalidate the decision issued by the NJSPB concerning the denial of the plaintiff's parole, and thus those claims are also barred. It is well-settled law that Section 1983 claims and NJCRA claims brought by a plaintiff who is challenging a denial of parole are not cognizable unless and until the decision issued by the NJSPB has otherwise been invalidated by an appropriate tribunal. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (concerning a parole decision issued by the NJSPB, and applying the favorable termination requirement set forth in Heck v. Humphrey, 512 U.S. 477 (1994)).

Therefore, the Court grants the part of the motion that seeks dismissal of the Section 1983 claims and the NJCRA claims asserted against the NJSPB, against Plousis in his individual capacity, and against Stacy in her individual capacity. The Court notes that the reasoning applied to the individual-capacity claims would also apply to the official-capacity claims and the claims asserted against the NJSPB. See Global Naps, Inc. v. Bell Atlantic-New Jersey, Inc., 287 F.Supp.2d 532, 545 n.20 (D.N.J. 2003) (addressing a defendant's alternative grounds for dismissal "for the sake of completeness," even though dismissal was to be granted based upon lack of subject matter jurisdiction).

## CONCLUSION

For the aforementioned reasons, the Court: (1) grants the defendants' motion to dismiss the complaint in its entirety; and (2) dismisses the complaint.

The Court will enter an appropriate order and judgment.

JOSE L. LINARES
United States District Judge

**Dated:** May 15th, 2017